

**SOP / ALL**
**Transmittal Number: 19628192**
**Date Processed: 04/10/2019**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Bruce Buttaro<br>Liberty Mutual Insurance Company<br>175 Berkeley Street<br>Boston, MA 02116 |

| | |
|---|---|
| **Entity:** | Liberty Mutual Insurance Company<br>Entity ID Number  1765547 |
| **Entity Served:** | Liberty Mutual Insurance Company |
| **Title of Action:** | Kwang Hwang vs. Liberty Mutual Insurance Company |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Harris County District Court, TX |
| **Case/Reference No:** | 201920469 |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 04/09/2019 |
| **Answer or Appearance Due:** | 10:00 am Monday next following the expiration of 20 days after service |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| Sender Information: | Chad T. Wilson<br>832-415-1432 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

```
EXHIBIT
   A
```

CAUSE NO. 201920469

RECEIPT NO. \

0.00    CIV

********** TR # 73607583

| | |
|---|---|
| PLAINTIFF: HWANG, KWANG<br>vs.<br>DEFENDANT: LIBERTY MUTUAL INSURANCE COMPANY | In The 125th<br>Judicial District Court<br>of Harris County, Texas<br>125TH DISTRICT COURT<br>Houston, TX |

CITATION

THE STATE OF TEXAS
County of Harris

*COPY OF PLEADING PROVIDED BY PLTD.*

TO: LIBERTY MUTUAL INSURANCE COMPANY BY SERVING ITS REGISTERED AGENT
    CORPORATION SERVICE COMPANY
    211 EAST 7TH STREET SUITE 620   AUSTIN TX 78701 - 3218
    Attached is a copy of PLAINTIFFS ORIGINAL PETITION JURY DEMAND AND REQUEST FOR DISCLOSURE

This instrument was filed on the 20th day of March, 2019, in the above cited cause number
and court. The instrument attached describes the claim against you.

     YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:

     This citation was issued on 28th day of March, 2019, under my hand and
seal of said Court.

Issued at request of:
WILSON, CHAD TROY
455  EAST MEDICAL CENTER BLVD
SUITE 555
WEBSTER, TX  77598
Tel: (832) 415-1432
Bar No.: 24079587

MARILYN BURGESS, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002
(P.O. Box 4651, Houston, Texas 77210)
Generated By: MOMON, RHONDA  HWP//11188278

---

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock ____.M., on the _____ day of _____, _____.

Executed at (address) _____ in

_____ County at _____ o'clock ____.M., on the _____ day of _____,

_____, by delivering to _____ defendant, in person, a

true copy of this Citation together with the accompanying _____ copy(ies) of the Petition

attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this _____ day of _____, _____.

FEE: $_____

_____ of _____County, Texas

By _____
_____                    Deputy
        Affiant

On this day, _____, known to me to be the person whose
signature appears on the foregoing return, personally appeared. After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited on the
return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____, _____.

_____
Notary Public

N.INT.CITR.P                    *73607583*

3/20/2019 7:15 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 32109262
By: Nelson Cuero
Filed: 3/20/2019 7:15 PM

CAUSE NO. _____

| | | |
|---|---|---|
| KWANG HWANG AND JUNGEUN LIM, | § | IN THE JUDICIAL COURT OF |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| V. | § | |
| | § | HARRIS COUNTY, TEXAS |
| LIBERTY MUTUAL INSURANCE | § | |
| COMPANY AND LISA LEVY, | § | |
| | § | |
| *Defendants.* | § | _____ DISTRICT COURT |

### PLAINTIFFS' ORIGINAL PETITION, JURY DEMAND, AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Kwang Hwang and Jungeun Lim, ("Plaintiffs" or "Plaintiff"), and file **Plaintiffs' Original Petition, Jury Demand, and Request for Disclosure**, complaining of Liberty Mutual Insurance Company ("Liberty Mutual" or "Liberty") and Lisa Levy ("Levy") (or collectively "Defendants") and for cause of action, Plaintiffs respectfully show the following:

### DISCOVERY CONTROL PLAN

1.  Plaintiffs intend to conduct discovery under Level 3, Texas Rules of Civil Procedure 190.4 and 169.

### PARTIES

2.  Plaintiffs, Kwang Hwang and Jungeun Lim, reside in Harris County, Texas.

3.  Defendant, Liberty Mutual Insurance Company, is a Massachusetts insurance company engaged in the business of insurance in the State of Texas. Plaintiffs request service of citation upon Liberty Mutual Insurance Company through its registered agent for service: **Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701 - 3218**. Plaintiffs request service at this time.

4.   Defendant Lisa Levy is an individual resident of Houston, Texas.  Ms. Levy may be served
     with citation at the address listed with the Texas Department of Insurance: **10713 West**
     **Sam Houston Parkway North, Suite 650, Houston, Texas 77064.** Plaintiffs request
     service at this time.

### JURISDICTION

5.   The Court has jurisdiction over Liberty Mutual because this Defendant engages in the
     business of insurance in the State of Texas, and the causes of action arise out of Liberty
     Mutual's business activities in the state, including those in Harris County, Texas, with
     reference to this specific case.

6.   The Court has jurisdiction over Lisa Levy because this Defendant engages in the business
     of adjusting insurance claims in the State of Texas, and the causes of action arise out of
     this Defendant's business activities in the State of Texas, including those in Harris County,
     Texas, with reference to this specific case.

### VENUE

7.   Venue is proper in Harris County, Texas because the insured property is located in Harris
     County, Texas, and all or a substantial part of the events giving rise to this lawsuit occurred
     in Harris County, Texas.  TEX. CIV. PRAC. & REM. CODE § 15.032.

### FACTS

8.   Plaintiffs assert claims for fraud, breach of contract, violations of sections 541 and 542 of
     the Texas Insurance Code, and violations of the Texas DTPA.

9.   Plaintiffs own a Liberty Mutual Insurance Company homeowner's insurance policy,
     number H37-298-142729-70 7 6 ("the Policy").  At all relevant times, Plaintiffs owned the
     insured premises located at 18310 Eden Trails Lane, Houston, Texas 77094 ("the

2

Property").

10.    Liberty Mutual or its agent sold the Policy, insuring the Property, to Plaintiffs. Liberty Mutual or its agent represented to Plaintiffs that the Policy included wind and hailstorm coverage for damage to Plaintiffs' property. Liberty Mutual has refused the full extent of that coverage currently owed to Plaintiffs.

11.    On or about March 24, 2017, the Property sustained extensive damage resulting from a severe storm that passed through the Houston, Texas area.

12.    In the aftermath of the wind and hailstorm, Plaintiffs submitted a claim to Liberty Mutual against the Policy for damage to the Property. Liberty Mutual assigned claim number 036869494-01 to Plaintiffs' claim.

13.    Plaintiffs asked Liberty Mutual to cover the cost of damage to the Property pursuant to the Policy.

14.    Damaged areas of the property include, but are not limited to the roof, vents, flashings, windows, window screens, fascia, gutters, downspouts, and HVAC system. The storm compromised the integrity of the roof allowing water to enter, causing water damage to the following areas of the interior: the game room, stairs, kid's bathroom, foyer, and the living room.

15.    Liberty Mutual assigned or hired Levy to adjust the claim.

       a.  Levy had a vested interest in undervaluing the claims assigned to him by Liberty Mutual in order to maintain her employment. The disparity in the number of damaged items in her report (zero (0)) compared to that of Plaintiffs' third-party adjuster's (seventy-five (75)) is evidence of fraud on the part of Levy. The valuation of damages that were included in Levy's report (zero dollars ($))

compared to Plaintiffs' third-party adjuster's (forty-seven thousand three hundred twelve dollars and fourteen cents ($47,312.14)) is also evidence of fraud on the part of Levy.

b. Furthermore, Levy was aware of Plaintiffs' deductible before visiting the Property to conduct the inspection. Levy had advanced knowledge of what amount of damages she needed to find in order to deny the claim, which she did with an indication in her denial letter that "no storm related damages were found." Levy made this representation despite obvious and apparent wind damage throughout the roof and resulting water damage to the interior of the dwelling.

c. Levy made misrepresentations as to the amount of damage Plaintiffs' Property sustained (i.e., none) as well as misrepresentations regarding how much it would cost to repair the damage (i.e., nothing) to Plaintiffs' Property.

d. Levy made further misrepresentations to Plaintiffs during her inspection. Levy used her expertise to fabricate plausible explanations for why visible damage to Plaintiffs' Property would not be covered under the policy. Such misrepresentations include but are not limited to, damage to the Property owing from wear and tear, damage from a previous claim, and damage of a type not consistent with the type of claim that was made.

16.  Liberty Mutual, through its agents, namely Levy, conducted a substandard and improper inspection and adjustment of the Property, which yielded grossly inaccurate and unrealistic assessments of the cause, extent, and dollar amount of damage to the Property.

17.  Levy's adjustment of the claim occurred on or around January 26, 2018 and she found that there was no damage from a covered peril to the roof of the property, which was thereafter

4

the position of her employer, Liberty Mutual, regarding Plaintiffs' claim.

18.   After application of the policy deductible, Plaintiffs were left without adequate recovery to complete proper repairs on Plaintiffs' property.

19.   To date, Plaintiffs have received $0.00 for damage to Plaintiffs' Property. The damage to Plaintiffs' Property is currently estimated at $47,312.14.

20.   Since due demand was made on May 07, 2018 and again in March 2019 after a period of attempted abatement and negotiations, Liberty Mutual has not communicated that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did it provide any explanation for failing to settle Plaintiffs' claim properly.

21.   As stated above, Defendants failed to assess the claim thoroughly. Based upon Defendants' grossly unreasonable, intentional, and reckless failure to investigate and adjust the claim properly, Liberty Mutual failed to provide full coverage due under the Policy.

22.   As a result of Liberty Mutual's failure to provide full coverage, along with Liberty Mutual's delay tactics to avoid reasonable payment to Plaintiffs, Plaintiffs have suffered damages.

23.   Liberty Mutual failed to perform its contractual duties to Plaintiffs under the terms of the Policy. Specifically, Liberty Mutual refused to pay the full proceeds of the Policy, although due demand was made for an amount sufficient to cover repairs to the damaged Property, and all conditions precedent to recover upon the Policy were accomplished by Plaintiffs.

24.   Defendants' misrepresentations, unreasonable delays, and continued denials constitute a breach of the statutory obligations under Chapters 541 and 542 of the Texas Insurance Code. Thus, the breach of the statutory duties constitutes the foundation of a breach of the

5

insurance contract between Liberty Mutual and Plaintiffs.

25.     Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement
        Practices.  TEX. INS. CODE §541.060(a)(1).  Defendants have not attempted to settle
        Plaintiffs' claim in a fair manner, even though Defendants were aware of their liability to
        Plaintiffs under the Policy.  Specifically, Defendants have failed to timely pay Plaintiffs'
        coverage due under the Policy.

26.     Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement
        Practices.  TEX. INS. CODE §541.060(a)(2)(A).  Defendants failed to provide Plaintiffs a
        reasonable explanation for not making the full payment under the terms of the Policy.

27.     Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement
        Practices.  TEX. INS. CODE §541.060(a)(4).  Defendants refused to provide full coverage
        due to Plaintiffs under the terms of the Policy.  Specifically, Liberty Mutual, through its
        agents, servants, and representatives, namely Levy, performed an outcome-oriented
        investigation of Plaintiffs' claim, which resulted in a biased, unfair, and inequitable
        evaluation of Plaintiffs' losses on the Property.

28.     Defendants' conduct constitutes a violation of the Texas Insurance Code, Prompt Payment
        of Claims.  TEX. INS. CODE §542.055.  Defendants failed to reasonably accept or deny
        Plaintiffs' full claim within the statutorily mandated time after receiving all necessary
        information.

29.     Defendants' conduct constitutes a violation of the Texas Insurance Code, Prompt Payment
        of Claims.  TEX. INS. CODE §542.056.  Defendants failed to meet their obligations under
        the Texas Insurance Code regarding timely payment of the claim.  Specifically, Defendants
        have delayed payment of Plaintiffs' claim longer than allowed, and Plaintiffs have not

received full payment for the claim.

30.     Defendants' wrongful acts and omissions forced Plaintiffs to retain the professional services of the attorneys and law firm representing them with respect to these causes of action.

## CAUSES OF ACTION AGAINST DEFENDANT LIBERTY MUTUAL INSURANCE COMPANY

### BREACH OF CONTRACT

31.     All allegations above are incorporated herein.

32.     Liberty Mutual is liable to Plaintiffs for intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing.  It follows, then, that the breach of the statutory duties constitutes the foundation of an intentional breach of the insurance contract between Liberty Mutual and Plaintiffs.

33.     Liberty Mutual's failure and/or refusal to pay adequate coverage as obligated under the terms of the Policy, and under the laws of the State of Texas, constitutes a breach of the insurance contract with Plaintiffs.

### NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

34.     All allegations above are incorporated herein.

35.     Liberty Mutual's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a).  All violations under this article are actionable by TEX. INS. CODE §541.151.

7

36. Liberty Mutual's unfair settlement practice of misrepresenting to Plaintiffs material facts relating to coverage constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

37. Liberty Mutual's unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claim, even though liability under the Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

38. Liberty Mutual's unfair settlement practice of failing to provide Plaintiffs a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for partial denial of the claim, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

39. Liberty Mutual's unfair settlement practice of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

40. Liberty Mutual's unfair settlement practice of refusing to pay Plaintiffs' claim without conducting a reasonable investigation constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

### NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

41. All allegations above are incorporated herein.

42. Liberty Mutual's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are actionable by TEX. INS. CODE §542.060.

43. Liberty Mutual's failure to notify Plaintiffs in writing of its acceptance or rejection of the full claim within the applicable time constraints constitutes a non-prompt payment in violation of TEX. INS. CODE §542.056.

44. Liberty Mutual's delay in paying Plaintiffs' claim following receipt of all items, statements, and forms reasonably requested and required, for longer than the amount of time provided, constitutes a non-prompt payment of the claim.   TEX. INS. CODE §542.058.

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

45. All allegations above are incorporated herein.

46. Liberty Mutual's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to an insured in insurance contracts.

47. Liberty Mutual's failure to adequately and reasonably investigate and evaluate Plaintiffs' claim, although, at that time, Liberty Mutual knew or should have known by the exercise of reasonable diligence that liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## DTPA VIOLATIONS

48. All allegations above are incorporated herein.

49. Liberty Mutual's conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63. Plaintiffs are consumers of goods and services provided by Liberty Mutual pursuant to the DTPA. Plaintiffs have met all conditions precedent to bringing this cause of action against Liberty Mutual. Specifically, Liberty Mutual's violations of the DTPA include, without limitation, the following matters:

9

A. By its acts, omissions, failures, and conduct, Liberty Mutual has violated sections 17.46(b)(2), (5), (7), (9), (12), (20) and (24) of the DTPA. Liberty Mutual's violations include without limitation, (1) unreasonable delays in the investigation, adjustment, and resolution of Plaintiffs' claim, (2) failure to give Plaintiffs the benefit of the doubt, and (3) failure to pay for the proper repair of Plaintiffs' property when liability has become reasonably clear, which gives Plaintiffs the right to recover under section 17.46(b)(2).

B. Liberty Mutual represented to Plaintiffs that the Policy and Liberty Mutual's adjusting and investigative services had characteristics or benefits that they did not possess, which gives Plaintiffs the right to recover under section 17.46(b)(5) of the DTPA.

C. Liberty Mutual also represented to Plaintiffs that the Policy and Liberty Mutual's adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b)(7) of the DTPA.

D. Furthermore, Liberty Mutual advertised the Policy and adjusting services with the intent not to sell them as advertised, in violation of section 17.46(b)(9) of the DTPA.

E. Liberty Mutual breached an express warranty that the damages caused by wind and hail would be covered under the Policy. This breach entitles Plaintiffs to recover under sections 17.46(b)(12) and (20) and 17.50(a)(2) of the DTPA.

F. Liberty Mutual's actions are unconscionable in that Liberty Mutual took advantage of Plaintiffs' lack of knowledge, ability, and experience to a grossly unfair degree.

Liberty Mutual's unconscionable conduct gives Plaintiffs a right to relief under section 17.50(a)(3) of the DTPA; and

G.     Liberty Mutual's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

50.     Each of the above-described acts, omissions, and failures of Liberty Mutual is a producing cause of Plaintiffs' damages. All of the above-described acts, omissions, and failures were committed "knowingly" and "intentionally," as defined by the Texas Deceptive Trade Practices Act.

## FRAUD

51.     All allegations above are incorporated herein.

52.     Liberty Mutual is liable to Plaintiffs for common law fraud.

53.     Each and every misrepresentation described above concerned material facts that absent such representations, Plaintiffs would not have acted as Plaintiffs did, and Liberty Mutual knew its representations were false or made recklessly without any knowledge of their truth as a positive assertion.

54.     Liberty Mutual made the statements intending that Plaintiffs act upon them. Plaintiffs then acted in reliance upon the statements, thereby causing Plaintiffs to suffer injury constituting common law fraud.

## CAUSES OF ACTION AGAINST DEFENDANT LISA LEVY

### NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

55.     All allegations above are incorporated herein.

11

56.  Levy's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Claim Settlement Practices Act. TEX. INS. CODE §541.060(a).

57.  Levy is individually liable for her unfair and deceptive acts, irrespective of the fact that he was acting on behalf of Liberty Mutual, because Levy is a "person," as defined by TEX. INS. CODE §541.002(2).

58.  Levy knowingly underestimated the amount of damage to the Property. As such, Levy failed to adopt and implement reasonable standards for the investigation of the claim arising under the Policy. TEX. INS. CODE §542.003(3).

59.  Furthermore, Levy did not attempt in good faith to affect a fair, prompt, and equitable settlement of the claim. TEX. INS. CODE §542.003(4).

60.  Levy's unfair settlement practice of failing to provide Plaintiffs a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for partial denial of the claim, also constitutes an unfair method of competition and an unfair and deceptive act or practice. TEX. INS. CODE §541.060(a)(3).

61.  Levy's unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claim, even though liability under the Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

### DTPA VIOLATIONS

62.  All allegations above are incorporated herein.

63.  Levy's conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63. Plaintiffs are consumers of goods and services provided by Levy pursuant to the DTPA. Plaintiffs have met all conditions

precedent to bringing this cause of action against Levy. Specifically, Levy's violations of the DTPA include the following matters:

A.   By this Defendant's acts, omissions, failures, and conduct, Levy has violated sections 17.46(b)(2), (5), and (7) of the DTPA. Levy's violations include, (1) failure to give Plaintiffs the benefit of the doubt, and (2) failure to write up an estimate reflecting the proper repair of Plaintiffs' Property when liability have become reasonably clear, which gives Plaintiffs the right to recover under section 17.46(b)(2).

B.   Levy represented to Plaintiffs that the Policy and her adjusting and investigative services had characteristics or benefits they did not possess, which gives Plaintiffs the right to recover under section 17.46(b)(5) of the DTPA.

C.   Levy represented to Plaintiffs that the Policy and her adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b)(7) of the DTPA.

D.   Levy's actions are unconscionable in that Levy took advantage of Plaintiffs' lack of knowledge, ability, and experience to a grossly unfair degree. Levy's unconscionable conduct gives Plaintiffs a right to relief under section 17.50(a)(3) of the DTPA; and

E.   Levy's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

64.   Each of Levy's above-described acts, omissions, and failures is a producing cause of Plaintiffs' damages. All acts, omissions, and failures were committed "knowingly" and

13

"intentionally" by Levy, as defined by the Texas Deceptive Trade Practices Act. TEX.

BUS. & COM. CODE 17.45.

## FRAUD

65. All allegations above are incorporated herein.

66. Liberty Mutual assigned or hired Levy to adjust the claim.

    a. Levy had a vested interest in undervaluing the claims assigned to him by Liberty

        Mutual in order to maintain her employment. The disparity in the number of

        damaged items in her report (zero (0)) compared to that of Plaintiffs' third-party

        adjuster's (seventy-five (75)) is evidence of fraud on the part of Levy. The

        valuation of damages that were included in Levy's report (zero dollars ($))

        compared to Plaintiffs' third-party adjuster's (forty-seven thousand three hundred

        twelve dollars and fourteen cents ($47,312.14)) is also evidence of fraud on the part

        of Levy.

    b. Furthermore, Levy was aware of Plaintiffs' deductible before visiting the Property

        to conduct the inspection. Levy had advanced knowledge of what amount of

        damages she needed to find in order to deny the claim, which she did with an

        indication in her denial letter that "no storm related damages were found." Levy

        made this representation despite obvious and apparent wind damage throughout the

        roof and resulting water damage to the interior of the dwelling.

    c. Levy made misrepresentations as to the amount of damage Plaintiffs' Property

        sustained (i.e., none) as well as misrepresentations regarding how much it would

        cost to repair the damage (i.e., nothing) to Plaintiffs' Property.

    d. Levy made further misrepresentations to Plaintiffs during her inspection. Levy used

her expertise to fabricate plausible explanations for why visible damage to Plaintiffs' Property would not be covered under the policy. Such misrepresentations include but are not limited to, damage to the Property owing from wear and tear, damage from a previous claim, and damage of a type not consistent with the type of claim that was made.

## GROSS NEGLIGENCE

67.  All allegations above are incorporated herein.

68.  Levy's actions or omissions constitute gross negligence as defined in TEX. CIV. P. & REM. CODE § 41.001 (11)(A) and (B):

  a.  Levy's actions, when viewed objectively from the standpoint of the actor at the time of their occurrence involves an extreme degree of risk, considering the probability and magnitude of potential harm to Plaintiffs; and

  b.  Levy had actual, subjective awareness of the risk involved but nevertheless proceeded with conscious indifference to the rights, safety, and/or welfare of Plaintiffs.

69.  Levy intentionally misrepresented the scope and amount of damages on the estimate prepared for Plaintiffs' Property on behalf of Liberty Mutual. Her estimate was to such an extreme degree below what another licensed adjuster would have done in this situation (as evidenced by the Third-party adjuster's estimate); it was also in complete disregard for the risk and harm Plaintiffs would suffer if the actual damages to the Property were allowed to persist unrepaired.

## NEGLIGENCE

70.  All allegations above are incorporated herein.

71.   Levy was negligent in her actions with regard to her adjusting of Plaintiffs' claim and violated the standard of care for an insurance adjuster licensed in the state of Texas. Those failures include one or more of the following acts or omissions:

a.   Failure to conduct a reasonable inspection;

b.   Failure to include covered damage that would be discovered as a result of reasonable inspection;

c.   Failure to identify the proper cause and scope of the damage to Plaintiffs' Property;

d.   Failure to identify the cost of proper repairs to Plaintiffs' Property; and

e.   Failure to communicate to Plaintiffs the reasons for specific determinations made regarding the inclusion or exclusion of damage to Plaintiffs' Property.

72.   Levy's acts and/or omissions constitute negligence. Her conduct was therefore a proximate cause of the damages sustained by Plaintiffs.

73.   At all relevant times, Levy was an agent or employee of Defendant Liberty Mutual.

74.   Levy's unreasonable inspection was performed within the course and scope of her duties with Defendant Liberty Mutual. Therefore, Liberty Mutual is also liable for the negligence of Levy through the doctrine of respondeat superior.

**KNOWLEDGE**

75.   Defendants made each of the acts described above, together and singularly, "knowingly," as defined in the Texas Insurance Code, and each was a producing cause of Plaintiffs' damages described herein.

16

## WAIVER AND ESTOPPEL

76.     Defendants waived and are estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiffs.

## DAMAGES

77.     Since the claim was made, Liberty Mutual has not properly compensated Plaintiffs for all necessary repairs made, which are covered under the Policy.   This has caused undue hardship and burden to Plaintiffs.   These damages are a direct result of Defendants' mishandling of Plaintiffs' claim in violation of the laws set forth above.

78.     Defendants made the above and other false representations to Plaintiffs, either knowingly or recklessly, as a positive assertion, without knowledge of the truth.   Defendants made these false misrepresentations with the intent that Plaintiffs act in accordance with the misrepresentations.   Plaintiffs then relied on these misrepresentations, including but not limited to those regarding coverage and the cause and scope of damage.   Plaintiffs suffered damages as a result.

79.     Plaintiffs would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of damages sustained.   The acts, omissions, failures, and conduct of Defendants have caused Plaintiffs' damages, which include, without limitation, costs for all necessary repairs required to be made to Plaintiffs' Property, and any investigative and engineering fees incurred.

80.     For breach of contract, Plaintiffs are entitled to regain the benefit of Plaintiffs' bargain, which is the amount of Plaintiffs' claim, consequential damages, together with attorney's fees.

81.     The damage to Plaintiffs' Property is currently estimated at $47,312.14.

82.     For noncompliance with the DTPA and Texas Insurance Code, Unfair Settlement Practices, Plaintiffs are entitled to actual damages, which include the loss of the benefits owed pursuant to the Policy, court costs, and attorney's fees. For knowing and intentional conduct of the acts described above, Plaintiffs asks for three (3) times Plaintiffs' actual damages. TEX. INS. CODE §541.152 and TEX. BUS. & COM. CODE 17.50(B)(1).

83.     For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the amount of Plaintiffs' claim, plus an eighteen percent (18%) per annum penalty on that claim, as damages, as well as pre-judgment interest and reasonable attorney's fees. TEX. INS. CODE §542.060.

84.     For breach of the common law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from Defendants' breach of duty, such as additional costs, economic hardship, losses due to nonpayment of money Liberty Mutual owed, and exemplary damages.

85.     Defendants' breach of the common law duty of good faith and fair dealing was committed intentionally, with a conscious indifference to Plaintiffs' rights and welfare, and with "malice," as that term is defined in Chapter 41 of the Texas Civil Practices and Remedies Code. These violations are the type of conduct which the State of Texas protects its citizens against by the imposition of exemplary damages. Therefore, Plaintiffs seek the recovery of exemplary damages in an amount determined by the finder of fact sufficient to punish Defendants for their wrongful conduct and to set an example to deter Defendants and others from committing similar acts in the future.

18

86.   For fraud, Plaintiffs are entitled to recover actual and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

87.   For the prosecution and collection of this claim, Plaintiffs have been compelled to engage the services of the attorneys subscribed to this pleading. Therefore, under Chapter 38 of the Texas Civil Practices and Remedies Code, sections 541 and 542 of the Texas Insurance Code, and section 17.50 of the DTPA, Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

88.   As required by Rule 47(b) of the Texas Rules of Civil Procedure, Plaintiffs' counsel states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c)(3) of the Texas Rules of Civil Procedure, Plaintiffs' counsel states that Plaintiffs seek only monetary relief of no less than $100,000.00, but no more than $200,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees. A jury will ultimately determine the monetary relief actually awarded, however. Plaintiffs also seek pre-judgment and post-judgment interest at the highest legal rate.

## REQUESTS FOR DISCLOSURE

89.   Under Texas Rules of Civil Procedure 190 and 194, Plaintiffs request that Defendants disclose, within fifty (50) days from the date this request is served, the information or material described in Rules 190.2(b)(6) and 194.2.

**JURY DEMAND**

90.   Plaintiffs hereby request a jury trial for all causes of action alleged herein, tried before a
jury consisting of citizens residing in Harris County, Texas.  Plaintiffs hereby tender the
appropriate jury fee.

**PRAYER**

Plaintiffs pray that Defendants, Liberty Mutual Insurance Company and Lisa Levy, be cited
and served to appear, and that upon trial hereof, Plaintiffs, Kwang Hwang and Jungeun Lim, have
and recovers from Defendants, Liberty Mutual Insurance Company and Lisa Levy, such sums as
would reasonably and justly compensate Plaintiffs in accordance with the rules of law and
procedure, as to actual, consequential, and treble damages under the Texas Insurance Code and
Texas Deceptive Trade Practices Act, and all punitive, additional, and exemplary damages, as may
be found.  In addition, Plaintiffs request the award of attorney's fees for the trial and any appeal
of this case, for all costs of Court expended on Plaintiffs' behalf, for pre-judgment and post-
judgment interest as allowed by law; and for any other and further relief, at law or in equity, to
which Plaintiffs, Kwang Hwang and Jungeun Lim, may show Plaintiffs are justly entitled.

Respectfully submitted,

CHAD T WILSON LAW FIRM PLLC

By: /s/ *Chad T. Wilson*

Chad T. Wilson
Bar No. 24079587
Allen B. Landon
Bar No. 24091870
455 East Medical Center Blvd., Suite 555
Webster, Texas 77598
Telephone: (832) 415-1432
Facsimile: (281) 940-2137
eservice@cwilsonlaw.com

20

cwilson@cwilsonlaw.com
alandon@cwilsonlaw.com

ATTORNEYS FOR PLAINTIFFS

21

LEGAL DOCUMENT MANAGEMENT
5930 LBJ FREEWAY SUITE #307
DALLAS, TEXAS 75240



CERTIFIED MAIL

7019 0140 0000 4211 0334



US POSTAGE
$07.90°
First-Class
Mailed From 75240
04/05/2019
032A 0061855100

CORPORATION SERVICE COMPANY
211 E. 7th STREET., #620
AUSTIN, TEXAS 78701